**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dale G. Mays and
Sylvia Wilhelmi,

Plaintiffs,

v.

Internal Revenue Service,

Defendant.

Civil File No. 00-1411 (MJD/JGL)

**MEMORANDUM AND ORDER**

---

Dale G. Mays and Sylvia Wilhelmi, *pro se* Plaintiffs made no appearance.

Katja M. Eichinger, United States Department of Justice, Tax Division, for and on behalf of Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss for failure to prosecute. In the underlying Complaint, Plaintiffs allege that the Internal Revenue Service ("IRS" or "government") is unjustly withholding a refund due from their 1994 federal income tax.

**BACKGROUND**

On June 9, 2000, Plaintiffs filed the underlying complaint against the IRS for unjustly withholding a refund due from their 1994 federal income tax. Following commencement of the lawsuit, the government faced what can be charitably described as difficulties in obtaining discovery from Plaintiffs[1]. The government filed a motion

---

[1]The government sent discovery requests to Plaintiffs on December 27, 2000, January 5, 2001, and January 12, 2001. The government requested that Plaintiffs respond to the requests by no later than July 30, 2001. Plaintiffs provided two documents to the government on Match 12, 2001.
Thereafter, according to the government, it repeatedly sent correspondence to Plaintiffs regarding the requested discovery, including letters on July 12, 2001, and July 24, 2001.



FILED 1-13-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

seeking dismissal for failure to comply with this Court's Order compelling discovery. This Court denied the motion to dismiss and instead entered an Order on November 28, 2001, giving Plaintiffs until November 30, 2001 to respond to the government's discovery requests. Plaintiffs subsequently provided documents to the government.

The government filed a status report on April 10, 2002, in which it laid out the result of its review of the discovery responses by Plaintiffs. Plaintiffs have not filed a response to the status report and have not submitted any evidence challenging the report's findings.

Following an inquiry by this Court into the status of the case, the parties agreed to a telephone conference to discuss how the case should proceed. The conference was set for September 4, 2002 at 8:30 a.m. Plaintiffs did not appear at the telephone conference. The government alleges that it has attempted to reschedule the telephone conference but

---

The government also attempted to contact Plaintiffs by telephone and letters to arrange a "meet-and-confer" telephone conference to be held on July 31, 2001. On July 31, 2001, Plaintiff Mays returned the telephone call. He stated that he had not had the time to respond to the discovery requests and gave no date on when he would provide the responses. The government informed him that it would file a motion to compel, which it did on August 1, 2001. The Court held a hearing on the motion on August 14, 2001. Plaintiffs failed to respond to the motion or appear at the hearing. The Court entered an order compelling answers to the government's discovery requests by September 13, 2001.

The government sent Plaintiffs two letters, dated August 14, 2001, and September 5, 2001, respectively, advising them of the outcome of the hearing, the Court's order, and the Court's inquiry on whether the parties were interested in participating in settlement discussions. On August 24, 2001, Plaintiff Mays sent an email, indicating that he had located additional material responsive to the government's discovery requests. The government responded, stating that any information provided would be considered in substantiating items at issue on the 1994 federal income tax return. Nevertheless, the government never received any additional information or documentation from Plaintiffs. Furthermore, the government never received any information from Plaintiff Wilhelmi from its discovery requests of July 27, 2001, which was due on August 27, 2001. Accordingly, on September 17, 2001, the government filed a Motion to Dismiss for Plaintiff's failure to comply with the Court's Order compelling discovery.

that Plaintiffs have failed to reply. The government filed another status report on September 17, 2002. The government alleges that Plaintiffs have again failed to respond in any way to the status report, and have made no other effort to prosecute this matter.

Plaintiffs have not filed a response to this motion, nor did they make an appearance at the scheduled hearing, held January 10, 2003. At oral argument, Counsel for the government, Katja Eichinger ("Eichinger"), requested that the Court order that Plaintiffs respond to the most recent status report. Eichinger specifically requested that Plaintiffs respond to the government's conclusions allowing certain deductions and declining others.

**DISCUSSION**

A lawsuit is subject to involuntary dismissal with prejudice for failure of a plaintiff to prosecute. See Fed. R. Civ. P. 41(b). Such a dismissal is an extreme sanction, however, and should be used only where a litigant exhibits a pattern of intentional delay. See Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000), *reh'g and reh'g en banc denied*, March 20, 2000. A litigant need not have acted in bad faith, only intentionally as opposed to accidentally or involuntarily. See id.

When considering a motion to dismiss for failure to prosecute, a district court must consider: 1) whether less sever sanctions are futile; 2) balancing the need to advance its burdened docket against irrevocably extinguishing the litigant's claim and the resulting prejudice to the opposing party; and 3) whether the litigant has had warning, although such warning is not necessary. See id.

In its motion papers, the government asserts that this case has been characterized by Plaintiffs' continued and persistent dilatory conduct. The government specifically

points to prolonged discovery delays, a failure by Plaintiffs to make themselves available for a telephone conference, and the failure to respond to either of the government's status reports. The government concludes that the fact that this case has been pending since June of 2000, and Plaintiffs' behavior taken as a whole reflect a willful pattern of delay justifying dismissal with prejudice.

The Court finds that Plaintiffs have been dilatory in their prosecution of this matter. The Court further finds that it has made numerous accommodations to Plaintiffs and has treated their conduct with leniency. Plaintiffs' conduct in prosecuting this matter gives rise to dismissal under Rule 41(b), however, in light of the government's request that the Court order Plaintiffs to respond to the September 17, 2002 status report, the Court will not dismiss the case at this time and will instead order Plaintiffs to provide responses.

**CONCLUSION**

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss is hereby **DENIED**, in accordance with Defendant's requested remedy at oral argument;
2. Defendant's Motion to Compel Plaintiffs to respond to the September 17, 2002 status report is hereby **GRANTED**;
3. Plaintiffs must provide responses to the government's September 17, 2002 status report within 10 days of the date of this Order;
4. If Plaintiffs do not provide responses within 10 days of the date of this Order this case shall be dismissed with prejudice; and

5. If Plaintiffs do provide responses within 10 days of the date of this Order, but upon motion by Defendant this Court determines that such responses are insufficient, this case shall be dismissed with prejudice.

Dated: JAN. 10, 2003

Michael J. Davis
United States District Court Judge